IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| JAMES McCONICO, III, | ) |
| Plaintiff, | ) |
| vs. | ) CV 01-PT-2308-M |
| JERRYDEAN CUNNINGHAM, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on July 11, 2002, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief can be granted. The plaintiff filed objections to the report and recommendation on July 26, 2002. Accompanying the plaintiff's objections is his affidavit in which states in pertinent part:

> "[D]uring my classification process at Kilby Correctional Facility I observed the news article written concerning my trial....I told [Jerrydean Cunningham] that part of the article was not true and asked her if it could be removed from my file. Ms. Cunningham said no because I had no business shooting that man and that when the parole board saw that article they were going to deny me parole on my initial consideration because I had no business shooting that man" [1]

(Exhibit B, Document #13).

The plaintiff's objections and his affidavit attached thereto do not persuade the court to reject the magistrate judge's recommendations. The statement made by Jerrydean Cunningham, who is

---

[1] According to the complaint, Jerrydean Cunningham is a Classification Specialist at the Kilby Correctional Facility.

not alleged to be a member of the Parole Board, is entirely conjectural and hypothetical and fails to show that the plaintiff faces a "real and immediate" threat of injury. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). A plaintiff lacks standing to seek prospective injunctive relief where he does not allege facts from which it appears there is a *substantial likelihood* that he will suffer harm in the future. *Wooden v. Board of Regents of the University System of Georgia*, 247 F.3d 1262 (2001). By the plaintiff's own admission, the parole board will not consider his case for at least another twenty-two (22) months. (Doc. #13). The plaintiff's allegation that he will be denied parole on the basis of a newspaper article allegedly contained in his prison file is highly conjectural and hypothetical and fails to state a claim which would entitle him to the extraordinary remedy of injunctive relief. *See Shotz v. Cates*, 256 F.3d 1077 (11th Cir. 2001).

Accordingly, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. Therefore, the complaint is due to be dismissed for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b). A Final Judgment will be entered.

DATED this ___ day of August, 2002.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

The Court assumes that the Parole Board will not improperly consider material.[2]